## Appeal of the School District of Aleppo.

1. Where an action is brought by an old school district against a new district created therefrom, to determine how much the new district should pay the old for its proportionate share of the .real estate and school houses, another school district subsequently erected out of said old district cannot intervene in said suit and claim its proportionate share, but must wait the settlement between the old and the first new district and then make its claim against the old district.

2. While the law provides that the new shall compensate the old district for any undue proportion of real estate and schools within the bounds of the former, it is otherwise as to the net assets of a personal nature, such as cash, &c., on hand at the time of separation.

November 1st 1880.    Before SHARSWOOD, C. J., MERCUR, PAXSON and STERRETT, JJ.    GORDON, TRUNKEY and GREEN, JJ., absent.

Appeal from the Court of Quarter Sessions of *Allegheny county* : Of October and November Term 1880, No. 280.

Appeal of the School District of Aleppo from the decree of the court in the matter of the division of the school property of Kilbuck township.

The material facts as set forth in the report of the master, L. P. Stone, Esq., will be found stated in the opinion of this court.

*K. McIntosh,* for appellant.—The proceeding was under the 11th section of the Act of April 11th 1862, Pamph. L. 474, Purd. Dig. 237. When Glenfield was formed, $600 were due to the old district, and if it had then been paid, the school territory, which afterwards became Aleppo district, would have received the benefit of 45 per cent. of $600. The delay of Glenfield in paying should not strip the territory which became Aleppo of its rights. The formation of a new district deprives no territory of its real estate, nor should it lose its claim in suit by a change of name. The award of $600 was made up by including Aleppo's territory, its real estate and school property, as part of Kilbuck. Her interests were discussed through the whole case, and only when awarding the money was she left out. The $600 were found due to the territory which Glenfield left, but awarded to 55 per cent. of that territory. But Aleppo is told to sue Kilbuck. Our intervening petition is a suit against Kilbuck. Must Aleppo be driven to another suit when she has intervened and proved her rights in this $600?

*S. M. Raymond,* for appellee.—Aleppo cannot sue Kilbuck.

Mr. Justice STERRETT delivered the opinion of the court, November 15th 1880.

The facts of this case are clearly presented in the carefully prepared report of the commissioner appointed by the court below.

[Appeal of the School District of Aleppo.]

It appears tnat the borough of Glenfield, by virtue of its incorporation out of a portion of Kilbuck township, became a new school district, and went into operation as such on June 1st 1876.    Subsequently the township of Aleppo was erected out of the remaining portion of what was originally Kilbuck township, and became a new school district on June 1st 1877.    When the school district of Glenfield was created the old district of Kilbuck claimed that the new district had within its bounds an undue proportion of the real estate and school-houses belonging to the parent district, and presented its petition, praying the court to determine how much the new should pay therefor to the old district.    While this proceeding was pending, in March 1880, the school district of Aleppo presented a petition claiming a share of the money that might be found due and payable by Glenfield to Kilbuck, and asking to be made a party to the proceeding.    This was granted and the case proceeded.    The commissioner found that the Glenfield district had within its bounds, at the time of its separation from the parent district, an undue proportion of real estate, school-houses, &c., amounting to $600.50 ;  that the district of Aleppo, if entitled to claim in this proceeding, should receive $284.14 as its share thereof, but he suggested, in his report to the court, that the claim of Aleppo, if any it had, was against the district of Kilbuck, as it existed on the 1st day of June 1877, for a proportionate share of the uncollected assets and cash on hand at that time after the settlement of all accounts of the district to that date.    The court adopted this as the correct view and decreed that the school district of Glenfield should pay to the school district of Kilbuck the sum of $600 found by the commissioner, and that each of the two districts should pay one-half of the costs ; thus excluding the district of Aleppo from any participation in the fund, on the ground that it had no right to claim in this proceeding.    In this we think the court was clearly right; and the only error that appears in the case was in permitting the district of Aleppo to intervene; but that was cured by the final decree.    The claim of the old district, of which the territory now composing the district of Aleppo was then a constituent part, arose on the 1st of June 1876, when Glenfield became a separate district, and it was the exclusive right of Kilbuck to collect it as it would collect any other claim, without the interference of any new district that might thereafter be created out of its territory.    If there was any cash on hand, outstanding taxes or other claims uncollected on the 1st of June 1877, when Aleppo became a new district, it was entitled to its proportionate share thereof, after the settlement of all accounts, of the district out of which it was created, up to that date ; but it had no claim whatever on the district of Glenfield for any part of the money due by it to the parent district.    The money thus due, if not otherwise applied, would, however, enter as an asset into the

settlement between that district and Aleppo; but, first in order, is the settlement between Kilbuck and Glenfield, to be made as of June 1st 1876, and then a settlement between Aleppo and Kilbuck, as of June 1st 1877. Perhaps it would not be impossible to arrive at a fair settlement, between the respective districts, in the manner contemplated by appellant, but it is not the orderly way of accomplishing that result, and for that reason, if no other, it should not be sanctioned. The claims, moreover, are of a different character. While the law provides that the new shall compensate the old district for any undue proportion of real estate and school houses that may be within the bounds of such new district, it does not require the old district to make compensation to the new or outgoing district for an undue proportion of real estate and school houses within the bounds of the former; but, as already remarked, it is otherwise as to the net assets of a personal nature, such as cash, &c., on hand at the time of the separation. If the appellant has any claim against the district of Kilbuck for a proportionate share of such assets, it is a proper subject of settlement between themselves, and, if they cannot settle amicably, the remedy provided by law must be pursued.

Decree affirmed, and appeal dismissed at the costs of the appellant.